

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

03-21484

CIV-MOORE

UNITED STATES OF AMERICA,

     RESPONDENT,               CASE NO.  98-76-CR-MOORE

v.

OSCAR ANDERS                   MAGISTRATE JUDGE
                                    WHITE

     PETITIONER,

_____/

FILED by ___ D.C.
INTAKE

MAY 29 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## PETITIONER'S BRIEF IN SUPPORT OF MOTION PURSUANT TO TITLE 28 U.S.C. § 2255, TO VACATE, SET ASIDE AND CORRECT CONVICTION AND SENTENCE

    Now comes, the petitioner, Oscar Anders, pro-se in the above styled cause, and presents this Honorable Court with the following brief with memorandum of law in support of this motion to vacate, set aside, and correct conviction sentence.

    This Court in reviewing each claim should address the merits of each claim, regardless of the legal theories, poor syntax, sentencing construction, or litigant's unfamiliarity with pleading requirements. Overall, an evidentiary hearing should be held in the event any fact is in dispute with the petitioner's claims. See Title 28 U.S.C. § 2246.

    Therefore, the petitioner submits the following brief in support of his § 2255 application seeking to vacate, set aside and correct his conviction and sentence.

1

**IN LIGHT OF APPRENDI v. NEW JERSEY, HARMLESS ERROR
AND PLAIN ERROR ARE INAPPLICABLE, AS A STRUCTURAL
ERROR HAS OCCURRED WHEN THE JURY WAS NOT INSTRUCTED
ENTIRELY, NOR DID IT ENTER A VERDICT OF GUILTY
ENTIRELY ON THE ELEMENTS OF DRUG TYPE AND QUANTITY.**

The petitioner brings to the Court's attention that
structural error has occurred in light of **Apprendi v. New
Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as
the jury was not instructed entirely, nor did it enter a verdict
of guilty entirely on the elements of drug type and quantity, and
since structural error has occurred, harmless and plain error
are inapplicable. The petitioner's conviction and sentence for
all drug convictions in the charging indictment must be vacated.

It is now clear, established and undisputable law that drug
type and quantity are elements of a drug offense pursuant to
Title 21 U.S.C. §846(a), §846 and all relevant drug statutes as
settled. In **Apprendi. Id.** All of the Circuits have held constantly,
in compliance with **Apprendi**, that drug type and quantity must be
charged in the indictment, submitted to the jury and proved
beyond a reasonable doubt. See, **U.S. v. Baltas**, 236 F.3d 40
(1st Cir. 2000); **U.S. v. Champion**, 234 F.3d 109 (2nd Cir. 2000);
**U.S. v. Mack**, 229 F.3d 236 (3rd Cir. 2000); **U.S. v. Angle**, 230
F.3d 121 (4th Cir. 2000); **U.S. v. Mashack**, 225 F.3d 576 (5th
Cir. 2000); **U.S. v. Rebman**, 226 F.3d 524 (6th Cir. 2000); **U.S.
v. Ashley**, 266 F.3d 671 (7th Cir. 2001); **Rodgers v. U.S.**, 229
F.3d 705 (8th Cir. 2000); **U.S. v. Nordby**, 225 F.3d 1053 (9th Cir.
2000); **U.S. v. Martinez-Villalva**, 232 F.3d 1331 (10th Cir. 2000);
**U.S. v. Swatzie**, 228 F.3d 1278 (11th Cir. 2000) and **U.S. v.
Fields**, 242 F.3d 396 (D.C. Cir. 2001).

The petitioner brings to the Court's attention that what has not been presented squarely to the Supreme Court or any other court, not addressed squarely on the merits by the Supreme Court or any other court, is whether structural error, which defies analysis of harmless error and plain error, has occurred when the jury has not been instructed nor rendered a verdict of guilt entirely on the element of drug type and qyantity in light of **Apprendi**, specifically, when structural error has occurred, requiring reversal.

The petitioner clarifies that the Supreme Court has long since recognized a "special category" of errors which must be corrected regardless of their affect on the outcome of the case. See, **U.S. v. Olano**, 507 U.S. 725, 735, 113 S.Ct. 1770, 1778, 123 L.Ed.2d 508 (1993); **Fulminante**, 499 U.S. 279,310, 111 S.Ct. 1246,1265, 113 L.Ed.2d 302 (1991). A structural error in a criminal trial always requires reversal of a conviction because such error renders the trial an unreliable vehicle for the determination of guilt. See, **Rose v. Clark**, 478 U.S. 570,577-78, 106 S.Ct. 3101,3105-06, 92 L.Ed.2d 460 (1986). Structural error constitutes a defect in the construction of the trial mechanism whic defies analysis under Federal Rules of Criminal Procedure, Rule 52. **Id. Fulminante**, 499 U.S. at 309, 111 S.Ct. at 1265. Structural error affects the framework within which the trial proceeds, rather than simply the trial process itself. **Id.** at 310, 111 S.Ct. 1265. Structural error creates "consequences that are necessarily unquantifiable and indeterminate". See, **Sullivan v. Louisiana**, 508 U.S. 275, 113 S.Ct. at 2082

3

(emphasis in original).

Given the established law, the general rule that constitutional error may be harmless, however, it is subject to the exception for structural error. The Supreme Court has held that some constitutional violations are not susceptible to harmless analysis under Federal Rules of Criminal Procedure 52(a) because they are "structural" and thus presumed prejudicial. Structural error "affect the framework within which the trial proceeds" and render the trial fundamentally unfair. **Id. Fulminante, 499 U.S. at 310, 111 S.Ct. at 1265.** Without certain basic or "structural protection", a criminal trial cannot reliably serve its function as a vehicle for determination guilt or innocence, and no criminal punsihment may be regarded as fundamentally unfair. See **Rose, 478 U.S. at 577-78, 106 S.Ct. at 3106.**

The Supreme Court addressed structural error in reference to a trial, where the jury was erroneously instructed on reasonable doubt in **Sullivan v. Louisiana**. The Supreme Court unanimously held that a constitutionally deficient reasonable doubt instrcution was structural. The Court reasoned that "where the instructional error consist of a misdescription of the burden of proof, which vitates all the jury's findings," no jury verdict of beyond a reasonable doubt exist upon which to base harmless error analysis. **Id.** at 281, 113 S.Ct. at 2082 (emphasis in original).

The Supreme Court concluded in **Sullivan v. Louisiana**, that "the deprivation of the right to be found guilty beyond a reasonable doubt of every element of an offense, with consequences that are necessarily unquantifiable and indeterminate, unquestion-

4

ably qualifies as 'structural error.' **Id. 281-82, 113 S.Ct. at 2083.**

This Court being presented with the law as stated above, can only conclude that structural error defies harmless error analysis under Federal Rule 52(a) and Rule 52(b). The Supreme Court has expressly stated that structural error at trial requires reversal. In **Chapman v. California, 386 U.S. 18,87 S.Ct. 824, 17 L.Ed.2d 705 (1967).** The Supreme Court "recognized that some constitutional errors require reversal without regard to the evidence in the particular case." See, **Rose, 478 U.S. at 577, 106 S.Ct. at 3105** (emphasis added)(citing **Chapman, 386 U.S. at 23 n. 8, 87 S.Ct. at 828 n. 8**). Similarly, in **Sullivan**, the Court noted that some constitutional errors "will always invalidate the conviction." **Id. 508 U.S. at 279,113 S.Ct. at 2081** (emphasis added).

A defendant "may assuredly insist upon observance of structural guarantees even when the evidence against him is so overwhelming to establish guilt beyond a reasonable doubt." See, **Cerella v. California, 491 U.S. 263,268, 109 S.Ct. 2419,2422, 105 L.Ed. 2d 218 (1989).**

The end result is that reversal is required because structural error is a "fundamental flaw" in the trial process and "undermines the structural integrity of the criminal tribunal itself." See, **Vasquez v. Hillary, 474 U.S. 254,263-64, 106 S.Ct. at 263** (emphasis added). Due to the nature of structural error, whether a defendant objects (as required for Rule 52(a) analysis) or fails

to object (as required for Rule 52(b) analysis) to such error at trial is simply irrelevant. Such is the same when reviewing cases in light of **Apprendi**.

It is without dispute that **Apprendi** established the law that "other than the fact of prior conviction any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." If federal prosecutions, such facts must be charged in the indictment. **Id. Apprendi**, **530 U.S.** at **476** and **490** (quoting **Jones v. U.S.**, **526 U.S. 227,243 n.6**, pursuant to **Apprendi**, drug type and quantity must be charged in the indi-ctment as an element, submitted to the jury as an element, and proven beyond a reasonable doubt in reference to a federal drug offense as an element.

In the instant case, the petitioner was charged with conspiracy to import cocaine, in violation of Title 21 U.S.C. § 963 in count one (1) and conspiracy to possess with intent to distribute cociane, in violation of Title 21 U.S.C. 846 in count two. Neither drug charge stated drug quantity as an element in the indictment. **Id.** Charging indictment. Furthermore, the judge did not instruct the jury on the element of drug quan-tity during the jury instructions, and the jury did not de-termine guilt on the basis of drug quantity as an element. **Id.** Jury instructionss at **page 1410-1418**. The petitioner's pre-sentence report later attributed him some 252 kilograms of cocaine and determined the petitioner's base offense level to be a level 38. **Id.** Pre-sentence report at **page 12**. The District

Court went on to sentence the petitioner by accepting
the conclusory allegations of the pre-sentence report and
attributing the petitioner 252 kilograms of  cocaine. The
petitioner was then sentenced to life without parole. **Id.**
Sentencing transcripts of                **page _____.**

The petitioner conteds that in light of **Apprendi** his
conviction and sentence must be vacated, as structural error
has occurred. The petitioner contends that the District Court
erred in sentencing him in reference to drug quantity that
was not charged in the indictment, that was not presented to the
jury, and that was not proven beyond a reasonable doubt. The jury
never determined the petitioner's guilt on the required element
of drug quantity. Specifically, the 252 kilograms the petitioer
was sentenced to.

An **Apprendi** claim was presented to the Eleventh Circuit
Court of Appeals by counsel on direct appeal, yet, counsel
never presented the Court with the application of **Apprendi**
where structural error has occurred. Counsel's performance and
the novelty of the application **Apprendi** has been set out in an
additional claim. The petitioner is entitled to relief.

Given the facts, the jury has failed to reach the re-
quisite finding of guilt on the required elements of drug
quantity entirely for the petitioner's drug offenses. The pe-
titioner has been convicted of. Without the jury being instruc-
ted on the element of drug type and quantity in determining
guilt, the petitioner's guilt has not been found by the jury

7

## INEFFECTIVE ASSISTANCE OF COUNSEL
## CONSTRUCTIVE AMENDMENT OF THE INDICTMENT AND
## STRUCTURAL ERROR

The petitioner contends that he has suffered a Sixth Amendment Right violation, as his attorney failed to present to the Court that there was a constructive amendment of the indictment, where the District Court judge determined the substantive element of drug quantity, that was not charged in the indictment. Additionally, the jury was not instructed on the element of drug quantity and the jury did not determine guilt on the substantive element of drug quantity beyond a reasonable doubt.

The petitioner brings to the Court's attention that it's undisputed that **Apprendi** rendered drug type and quantity elements of a federal drug offense. **Id. Apprendi v. New Jersey**, supra. Also, it's undisputed that an amendment of an indictment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment. See **U.S. v. Keller**, 916 F.2d 628 (11th Cir. 1990). When the charging terms of an indictment are altered, an amendment occurs. See **U.S. v. Feel**, 837 F.2d 975,979 (11th Cir. 1988). Additionally, modifications of an indictment may occur by the court or the prosecutor. See **U.S. v. Salinas**, 654 F.2d 319,324 (5th Cir. 1981).

In the instant case, there has been a modification of the indictment in this case, although, the modification occurred at sentencing. Here, the petitioner's indictment failed to charge the substantive element of drug quantity in either drug offense

charged in the indictment. **Id.** Charging indictment. The District Court, at sentencing, went on to determine the substantive element of drug quantity for the drug offenses in the present case, by accepting the conclusory allegations of drug quantity from the presentence report. **Id.** Presentence Report at **page __12__**, and sentencing transcripts at **page _____**. As established by the Eleventh Circuit, convictions based on a modification of an essential element not charged by the grand jury present reversible error. See **U.S. v. Atrip**, 942 F.2d 1568,1570 (11th Cir. **1991).** Such an error has occurred here by the Court determining the substantive element of drug quantity at sentencing, that which was not charged in the indictment.

The Eleventh Circuit has long since ruled that a constructive amendment violates the Fifth Amendment by exposing a defendant to criminal charges not made in the indictment against him. See **U.S. v. Diaz**, 190 F.3d 1247,1251 (11th Cir. 1999). A constructive amendment can occur through the court's instructions to the jury and constitutes error. A Court's jury instruction that constructively amends an indictment constitutes reversible error pré se because the instruction violates a defendants Fifth Amendment Right to be tried only on charges presented by a grand jury and creates the possibility that the defendant may have been convicted on grounds that the indictment did not allege. **U.S. v. Weissman**, 899 F.2d 1111,1114 (11th Cir. 1990). This legal fact is precedented by the Supreme Court. See **Stirone v. U.S.**, 361 U.S. 212,217-18, 80 S.Ct. 270,273-74, 4 L.Ed.2d 252 (1960).

The present case involves a situation where the jury was
not instructed on a required element of offense charged, speci-
fically, drug quantity for a federal drug offense. The judge in
this case never instructed the jury of the 252 kilograms of
cocaine as an element that the petitioner was later sentenced to.
**Id.** Jury instructions at **page 1410 to 1418**. There exist
the situation that the jury was not given sufficient instructions
as to a required element of the drug crimes for which he was
charged. There also exist the situation where the indictment has
been constructively amended by the judge. The Eleventh Circuit
has long since established that a trial judge cannot direct a
verdict in favor of the government for all or even one element
of a crime. See **U.S. v. Goetz,** 746 F.2d 705,708 (11th Cir. 1984).

A directed verdict in a criminal trial, either in whole or
part, cannot be viewed as harmless error. **Id. Goetz,** 746 F.2d
at 709. To justify reversal of a conviction, the Court's in-
structions viewed in context, must have expanded the indictment
either literally or in effect. **U.S. v. Johnson,** 713 F.2d 633,
643 (11th Cir. 1983).

The Eleventh Circuit has ruled that it will not reverse
a conviction where a constructive amendment of the indicmtent
occurs unless, after examining the entire charge, the Court
finds that the issues of law were presented inaccurately, the
charge included crimes not contained in the indictment, or the
charge improperly guided the jury in such a substantial way as
to violate due process. See **U.S. v. Turner,** 871 F.2d 1574,1578

**(11th Cir. 1989).** Here, at the least, the jury instructions given by the judge, which did not include the required element of drug quantity for the drug offenses charged, improperly guided the jury in such a substantial way as to violate due process. The issues of law were most certainly presented inaccurately in this case and relief is due.

Even contending that a constructive amendment has not occurred in this case, structural error has occurred as the petitioner's criminal conviction has not been obtained upon a jury determination that the petitioner is guilty, beyond a reasonable doubt, of every element of the crime with which he is charged. **Id.** Petitioner's structural error claim.

The fact that a petitioner has a drug conviction and **Apprendi** was not available to him at the time of his trial is irrelevant. A constructive amendment of the indictment has occurred and reversible error has occurred. **Id. Atrip, 942 F.2d** at 1570. Also, because the judge determined an element of the drug offenses, harmless error is inapplicable and prejudice is presumed. **Id. U.S. v. Goetz,** supra. The Supreme Court has only recently addressed a matter similar, where a defendant has been deprived of having the jury determine all of the required elements of an offense charged. See **Fiore v. White, 531 U.S. 225, 121 S. Ct. 712, 148 L.Ed.2d 629 (2001).** In **Fiore**, the Supreme Court ruled that retroactivity is not the question but the application of the federal due process clauses right to a jury trial, and being found guilty of every element of the charged offense by the jury beyond a reasonable doubt. **Id. Fiore v. White,** supra.

Quoting **Jackson v. Virginia**, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1970).

The petitioner's claim of structural error and **Apprendi** is applicable to the present claim.

This Court is bound by the law established in the Eleventh Circuit, and the petitioner has presented Eleventh Circuit precedent establishing the fact that relief is due when a constructive amendment of the indictment has occurred, as well as when a defendant has not been found guilty by the jury upon all of the required elements of the offense. To prevent a further manifest injustice, this Court is compelled to comply to Supreme Court and Eleventh Circuit precedent. See **Piambino v. Bailey**, 757 F.2d 1112,1120 (11th Cir. 1985).

For the following reasons stated, the petitioner's drug convictions must be vacated and the case ordered back to the District Court for furhter compliance to this claim.

## INEFFECTIVE OF COUNSEL AND/OR THE
## NOVELTY OF THE APPLICATION APPRENDI v. NEW JERSEY

The petitioner contends that his conviction and sentence must be vacated in light of the Supreme Court's decision in **Apprendi v. New Jersey**, 530 U.S. 466 (2000), as he has met the cause and prejudice standard for failing to raise the issue in the District Court, and correctly on direct· appeal, as his attorney provided ineffective assistance of counsel for failing to preserve and argue an **Apprendi** error as the petitioner now presents.

12

The petitioner also contends that his conviction and sentence must be vacated in light of **Apprendi** as the Supreme Court's decision in **Apprendi** is a constitutional issue of novelty, that was not reasonably available to counsel during the trial proceedings. The petitioner has cause for his failure to raise the claim in the District Court, and the issue being incorrectly raised on direct appeal, and may raise the **Apprendi** claim in a habeas corpus proceeding.

The petitioner now present this Court with the fact that his attorney was ineffective for failing to raise his **Apprendi** claim as now being presented in the District Court and on direct appeal. Although, the petitioner's attorney raised an **Apprendi** issue on direct appeal, counsel incorrectly raised the issue.

The Supreme Court has long since settled the law on how a defendant can show ineffective assistance of counsel. See **Strick- land v. Washington**, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984). The **Strickland** test has two components, both of which must be satisfied to establish that defense counsel's performance was ineffective. **Id.** at 687. This requires showing that counsel's errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To make this showing, the defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. A court deciding an actual ineffective assistance of counsel

13

claim must judge the reasonableness of counsel's challenged conduct. A convicted defendant making claims of ineffective assistance of counsel must identify the acts of omissions of counsel that are alleged not to have been the result of reasonable professional judgement. The court must determine whether, in light of all the circumstances whether the identified acts or omissions were outside the wide range of professional competent assistance. **Id.** at **690.** The Supreme Court recognized in **Strickland**, that counsel bears a duty to make reasonable investigation of the law and facts in his client's case **Id.** at **691.**

The petitioner now present his **Apprendi** claim in the correct manner, as the law in light of **Apprendi** was not established at the time of his trial and sentencing. Counsel did present an **Apprendi** claim on direct appeal, yet, counsel incorrectly raised the issue. The petitioner's attorney was clearly ineffective for failing to present his **Apprendi** issue as it is now being presented. The Eleventh Circuit has accepted and applied the established law in reference to ineffective assistance of counsel, as set out in the Supreme Court. See **Aldrich v. Wainwright,** 777 F.2d 630,631 (11th Cir. 1985). The Eleventh Circuit has yet to address and adjudicate a ineffective assistance of counsel claim in light of **Apprendi** squarely on the merits. Yet, the Eleventh Circuit has clarified that an attorney knew or should have known to raise an **Apprendi** like issue prior to the Supreme Court's decision in **Apprendi**. See **McCoy v. U.S.,** 266 F.3d 1245,1259 (11th Cir. 2001).

14

The petitioner clearly meets the cause and prejudice standard required in reference to counsel's error in correctly raising his **Apprendi** issue, as the petitioner has suffered a Fifth Amendment Right violation of having the jury determine all of the elements of guilt for his federal drug offenses beyond a reasonable doubt, solely because of his attorney's deficient performance. **Id. Strickland v. Washington**, supra.

Of other importance, the petitioner brings to the Court's attention that if this Court concludes that counsel was not ineffective for failing to raise his **Apprendi** like claims in the District Court or on direct appeal correctly, he is entitled to relief on his **Apprendi** claims because the Supreme Court's decision in **Apprendi** is a novel issue that was not available to counsel at the trial and sentencing, although incorrectly raised on direct appeal. The Supreme Court has long since established the law that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim on direct appeal." See **Reed v. Ross**, 468 U.S. 1, 16, 104 S.Ct. 2901,2910,2910, 82 L.Ed.2d 1 (1984). The Supreme Court has not changed the application of **Reed v. Ross**, and the Eleventh Circuit nor any other Circuit has addressed and adjudicated the claim on the merits in light of **Apprendi**. The failure of this Court to grant the petitioner relief on his **Apprendi** claim, would seriously affect the fairness, integrity, and public reputation of the judicial proceedings.

15

The Fifth Circuit addressed the novelty of a consti-
tutional claim in light of **Reed v. Ross**, where the Court's
decision in **U.S. v. Lopez**, 514 U.S. 549, 131 L.Ed.2d 626,
115 S.Ct. 1624 (1993). See **U.S. v. Knowles**, 29 F.3d 947
**(5th Cir. 1994)**. The Fifth Circuit's decision in **Knowles** was
made prior to the Supreme Court's decision in **Lopez**, the Fifth
Circuit correctly applied the law in light of **Reed v. Ross**,
where because the issue was a constitutional claim of novelty,
the defendants procedural bar was surpassed and relief was
granted. Id. **Knowles**, 29 F.3d at 951-952. This Court clearly
possess the equitable power to look beyond any alleged waiver,
procedural bar, and non retroactivity claim, and proceed on the
merits of the petitioner's claims. See **McClesky v. Zant**, 499 U.S.
467, 490, 111 S.Ct. 1454,1468, 113 L.Ed.2d 517 (1991).

It's undisputed that **Apprendi** rendered drug type and
quantity elements of a federal drug offense, and elements deter-
mine how a defendant must be convicted of an offense. There can
be no greater novel issue than an issue clarifying the required
elements of an offense. Considering the fact that the petitioner
was deprived of the correct application of the required elements
of his drug convictions, the conviction is not consistent with
the demands of the federal due process clause. See **Jackson v.
Virginia**, 443 U.S. 307,316, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979).

As stated in **Jackson v. Virginia**, the federal due process
clause forbids a conviction of a person of a crime without
proving the elements of that crime beyond a reasonable doubt.

16

Id. **Jackson v. Virginia**, supra. There was no information nor instruction to the jury on the elements of drug type and quantity during the petitioner's trial proceedings and jury instructions. This fact will be conceded to, and the simple inevitable conclusion is that the petitioner's conviction fails to satisfy the federal constitution's demands. <u>Retroactivity</u> is not the issue, but whether the petitioner's conviction is consistent with the federal due process clause because the **Apprendi** error. The Supreme Court has only recently settled a matter similar and granted the just and proper relief. See **Fiore v. White**, 531 U.S. 225,212 S.Ct. 712, 148 L.Ed.2d 629 (2001).

In conclusion, the petitioner's **Apprendi** claim must be addressed and adjudicated on the merits without any alleged claim of procedural bar, waiver or non retroactive application. The petitioner has cause to present his **Apprendi** claim because of counsel's ineffective assistance or because of the novelty of the decision in **Apprendi**. Also, because there has been a violation of the federal due process clause, the petitioner's conviction and sentence must be vacated.

For the following reasons stated, the petitioner's drug convictions and sentences must be vacated, and the case ordered back to the District Court for further proceedings.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that he has been deprived of the effective assistance of counsel as guaranteeed by the Sixth Amendment of the United States Constitution solely because of his trial and appellate counsel's deficient performance.

The petitioner's trial and appellate counsels failed to raise more meritorious issues on the petitioner's behalf in the District Court and on direct appeal.

The Sixth Amendment in part provides, in all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense. The Sixth Amendment right to defense counsel in felony prosecutions is a fundamental right on the states through the Fourteenth Amendment as well. See, **Strickland v. Washington**, 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052 (1984), and **Gideon v. Wainwright**, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The standard which must be applied in determining what constitutes ineffective assistance of counsel are set forth in **Strickland**, supra.

The **Strickland** test has two components, both of which must be satisfied to establish that defense counsel's performance was ineffective. **Id. at 687.** This requires showing that counsel errors were so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. To make this showing, the defendant must demonstrate that counsel's errors were so serious as to deprive the defendant of

a trial, a trial whose result is reliable. A Court deciding an ineffective assistance of counsel must judge the reasonableness of counsel challenged conduct. A convicted defendant making claims of ineffective assistance must identify acts of omission of counsel that are alleged not to have been the result of reasonable professional judgement. The Court must determine whether, in light of all the circumstances whether, the identified acts or omissions were outside the wide range of professional competent assistance. **Id.** at **690.**

The Supreme Court recognized in **Strickland**, that counsel bears a duty to make a reasonable investigation of the law and facts in his client's case. **Id.** at **691.**

Additionally, the ABA standards relating to Administration of Criminal Justice part provides:

> **It is the duty of lawyer to conduct prompt investigation of circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include effort to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate to plead guilty.**

**Standard 4-4.1.**

The Supreme Court has also established that the standard for ineffective assistance of counsel is the same for trial and appellate counsel. See, **Evitts v. Lucey**, 469 U.S. 387, 83 L.Ed.2d 821, 105 S.Ct. 830 (1985).

In the instant case, the petitioner's attorney allowed a constructive amendment of the indictment to occur, and failed to raise the issue at anytime. Counsel incorrectly raised the petitioner's **Apprendi** claim on direct appeal and counsel failed to raise the novelty of the application of **Apprendi** at anytime. Additionally, counsel failed to have the District Court make factual determinations in reference to a two (2) point enhancement the petitioner received, and counsel failed to present to the District Court and raise on direct appeal, the prosecutor's prejudicial admission that the defendants were kidnappers during closing arguments. These two issues will be briefed in the petitioner's supplement to the present motion.

This Court reviewing the applicable law in reference to counsel's deficient performance in representing a defendant, as settled in the Eleventh Circuit, can only come to the conclusion that the petitioner was deprived of competent counsel guaranteed by the Sixth Amendment. See **Aldrich v. Wainwright**, 777 F.2d 630, 631, (11th Cir. 1985), **Code v. Montgomery**, 899 F.2d 1481 (11th Cir. 1986), **Workman v. Tate**, 957 F.2d 1339,1345 (6th Cir. 1992) and **Matire v. Wainwright**, 811 F.2d 1430 (11th Cir. 1987). The petitioner's ineffective assistance of counsel claims are availing and the petitioner is entitled to relief. This Court should take notice that all claims being raised in the present motion are being raised solely because of counsel's failure to

present or raise the issue in the District Court and to the Appeals Court. There exist an exception for those claims raised for fundamental, structural and/or plain error.

For the following reasons stated, the petitioner conviction and sentence should be vacated, and the case remanded back to the District Court for compliance with the present claims. Moreso, because the merits of the petitioner's claims in this motion has yet to be addressed.

## CONCLUSION

This Court should readily address the merits of the petitioner's claims, and/or hold an evidentiary hearing to resolve the errors that have occurred here, all being fundamental and/or jurisdictional errors. The petitioner request an evidentiary hearing to resolve these matters as a fundamental miscarriage of justice has occurred, that affects the fundamental fairness of the proceedings and the Court. See **United States v. Addonizio**, 442 U.S. 178,185, 99 S.Ct. 2235,2240, 60 L.Ed.2d 805 **(1979).**

Wherefore, the petitioner is entitled to relief in reference to the claims presented to this Court, or an evidentiary hearing should be held without haste.

Oscar Andres
# 50618-004
Federal Coleman Complex-U.S.P.
P.O. Box 1033
Coleman, Florida 33521-1033

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following parties listed below by way of United States Mail on this _23_ day of _May_ 2003.

United States Attorneys Office
Attn: Ann Taylor, AUSA
99 NE 4th Street
Miamia, Florida 33132

Oscar Andres Pro-se
#50618-004
Federal Correctional Complex-USP
P.O. Box 1033
Coleman, Florida 33521-1033