UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-21484-Civ-MOORE
(98-76-Cr-MOORE)
MAGISTRATE JUDGE SORRENTINO

OSCAR ANDRES,

   Movant,

v.  :  REPORT OF MAGISTRATE JUDGE

UNITED STATES OF AMERICA,

   Respondent.

FILED by _____ D.C.
MAG. SEC.

JUN - 6 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

  This matter is before this Court on the movant's motion to vacate filed May 22, 2003. The Court has reviewed the Motion, the PSI, and all pertinent portions of the underlying criminal file. No order to show cause was issued in this case because the files and records of the case conclusively show that the movant is entitled to no relief.

  The movant raises four claims of ineffective assistance of counsel arising from counsel's failure to challenge at trial or on appeal the constitutionality of his convictions and sentences pursuant <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), because the quantity of drugs involved in the offenses was not charged in the Superseding Indictment and proved beyond a reasonable doubt.[1]

---

[1] Oscar Andres' convictions stem from an incident in which he and his codefendants conspired to import cocaine from Venezuela, concealed in a plaintain shipment, into the United States. When the shipment arrived, customs inspectors discovered the cocaine hidden in the container's roof. The cocaine was removed by the agents from the container. When the container was delivered, several codefendants discovered that the drugs were missing, and threatened to kill the confidential informant, holding a gun to his head, as they believed that the CI had stolen the drugs.

  Andres was charged with and found guilty of conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and using and carrying a firearm during and in relation to a drug trafficking crime, following a jury verdict. (Cr-DE#s79, 211). He was sentenced to two concurrent terms of life imprisonment, followed by a consecutive sixty month term of imprisonment. (Cr-DE#211).

In Apprendi, supra, the Supreme Court held that any factor which increases the statutory maximum penalty for an offense must be charged and proved beyond a reasonable doubt. Andres cannot prevail in this proceeding. The Eleventh Circuit has held that Apprendi does not apply retroactively to cases on collateral review. McCoy v. United States, 266 F.3d 1245 (11 Cir. 2001). That holds true even if the Apprendi claim is meritorious. Hamm v. United States, 269 F.3d 1247 (11 Cir. 2001).

Moreover, the movant cannot demonstrate that he received ineffective assistance stemming from counsel's failure to challenge the Indictment at trial or on direct appeal because the law of the Eleventh Circuit at the time of Andres' convictions and sentences would have precluded success on the issue had it been raised.[2] The judgment was imposed on October 20, 1998, and entered by the Clerk on November 9, 1998. At the time of Andres' sentences, the Eleventh Circuit had specifically rejected the argument that the quantity of drugs was an element of the offense which must be proved beyond a reasonable doubt. United States v. Hester, 199 F.3d 1287, 1291 (11 Cir. 2000), reaffirmed by United States v. Hester, 287 F.3d 1355 (11 Cir. 2002).

The Superseding Indictment was not defective, and counsel's failure to raise the claim at trial was not ineffective assistance.

---

[2] The Eleventh Circuit had long held that the characterization of the amount of drugs was not an element of the offense under 21 U.S.C. §841. See United States v. Perez, 960 F.2d 1569, 1574-76 (11 Cir. 1992) (reaffirming that weight or quantity of a controlled substance does not constitute an element of the offense under §841); United States v. Cross, 916 F.2d 622, 623 (11 Cir. 1990) (holding that nature and quantity of controlled substance is a sentencing provision, not an element, applicable only after conviction under 21 U.S.C. § 841(a)); United States v. Williams, 876 F.2d 1521, 1524-25 (11 Cir. 1989) (concluding that "nature and quantity of the controlled substance are relevant only to sentencing and do not constitute elements of a lesser included offense"). Thus, counsel's failure to challenge the absence of and the type and amount of drugs charged in the Superseding Indictment was not ineffective assistance.

Moreover, Andres concedes that the claim was raised on direct appeal, but maintains that counsel did not argue that the quantity of drugs was not charged in the Superseding Indictment and proved beyond a reasonable doubt. (Cv-DE#2 at 7). Andres has likewise failed to establish that appellate counsel was ineffective. It appears that the appellate court considered the Apprendi claim and tacitly rejected it when it affirmed Andres' judgment.[3] United States v. Andres, et al. (Cr-DE#137). Andres is not entitled to relief on these claims.

It is therefore recommended that this motion to vacate be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 5th day of June, 2003.

UNITED STATES MAGISTRATE JUDGE

cc: Oscar Andres, Pro Se
Reg. No. 50618-004
F.C.C. - Coleman (USP)
P.O. Box 1033
Coleman, FL 33521-1033

U.S. Attorney's Office
Attn: Sharon Medeiros
99 N.E. 4th Street
Miami, FL 33132

---

[1] Issues already litigated on direct appeal may not be revisited in a §2255 motion absent a showing of changed circumstances. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7 Cir. 1994). Andres has shown no change of circumstances.

1